## Staunton

### Guy Whited v. John J. Fugate, Et Al., Etc.

September 4, 1956.

Record No. 4593.

Present, All the Justices.

The opinion states the case.

*H. E. Widener* and *Fred C. Parks* (*George A. Pruner, Widener & Widener,* on brief), for the plaintiff in error.

*I. M. Quillen* and *Raymond J. Boyd,* for the defendants in error.

Buchanan, J., delivered the opinion of the court.

This case is a companion of the case of *Hall, etc., et al.* v. *Stuart, et al.,* No. 4594, this day decided, *ante* p. 315.

On December 23, 1955, after the conclusion of the evidence in the latter case, Guy Whited, the appellant, filed his petition for a mandamus against the commissioners of election of Russell county. He alleged that following the November 8 election in Russell county the poll books from every precinct in the county were delivered to the county clerk, ex-officio clerk of the commissioners, as prescribed by law, with the returns of the judges and clerks of election duly certified, attested and signed; that said returns showed on their face that Whited received the greatest number of votes for the office of county treasurer; that it thereupon became the duty of the commissioners to ascertain from the face of the returns the persons who had received the greatest number of votes for the several offices to be filled at the election, to reduce to writing the result so ascertained and sign the same, have it attested by the clerk and annexed to the abstract of votes made out by the clerk and certify and sign the abstract; that a majority of the commissioners had refused to declare the result of the election and were unwilling to fulfill their duties because they were not satisfied with the returns from the precinct of Dorton only, although the returns from that precinct were complete as to every candidate for office at said election.

The prayer of the petition was that a writ of mandamus issue requiring the commissioners to convene and perform their duties as alleged and that the petitioner be declared entitled to his certificate of election along with all the other candidates for office at said election who received the highest number of votes for the respective offices.

Three of the five commissioners demurred to said petition and filed their answer on December 28, 1955, the day on which the final order was entered in the *Hall* v. *Stuart* case (titled *Stuart et al.* v. *Dorton et al.* in the trial court but herein referred to by its title in this court.)

The answer averred that at the first meeting of the commissioners held on November 10, 1955, they examined the returns from all the voting precincts of the county, and from the face of the returns they caused to be made an abstract thereof, exhibited with the answer, but that this abstract constituted only a temporary tabulation of the votes; that on that day, pursuant to a request and because the results of the voting on an agricultural referendum were not reported, the commissioners adjourned until November 12, 1955, and summoned the judges and clerks of Dorton precinct to appear on that day.

At the November 12 meeting, the answer alleged, two of the Dorton

Precinct judges claimed that the returns from said precinct were not complete and should not be certified as they then stood. The commissioners thereupon adjourned their session until they could be advised of their future action and during most of the intervening time they had been awaiting the decision in the *Hall* v. *Stuart* case and were still awaiting the action of the election officials at the Dorton Precinct pursuant to the order of the court in that case.

The answer averred that the abstract of the votes for the various candidates for office at the November 8 election, while not previously totaled, showed the number of votes cast for each candidate for each office, and the answer set forth the number of votes received by the respective candidates for the offices of State Senate, House of Delegates, Treasurer, Commonwealth's Attorney, Commissioner of Revenue and Sheriff. The answer stated that for the office of county treasurer the appellant, Guy Whited, received 3984 votes, and his opponent, J. S. Hargis, received 3983.

The poll books and returns from the Dorton Precinct which had been filed as exhibits in the *Hall* v. *Stuart* case were exhibited in this case, the demurrer was overruled and the case was heard on the plaintiff's petition and the answer of the three defendants.

Thereupon, on December 28, 1955, the court entered the order appealed from holding that, with the exception of Dorton Precinct, as to which there was a dispute pending in the case of *Hall* v. *Stuart*, all the poll books from every precinct in Russell county were conveyed to the clerk of the court with returns of the judges and clerks of election therein duly certified, attested and signed as provided by law, and, with the exception of Whited and Hargis, candidates for county treasurer, the election of no other candidates for office in said election could be affected or the result of the election changed by the returns from Dorton Precinct then involved in the last-named suit.

It was accordingly ordered that the commissioners of election forthwith proceed from the returns of said election as they existed on November 10, 1955, excluding the 32 disputed mail ballots in the case of *Hall* v. *Stuart*, to ascertain and report the persons who received the greatest number of votes for the several offices, excepting the office of treasurer, as to which the commissioners should render no report at that time, but the order was not to be construed as precluding said commissioners from ascertaining and reporting the result of the elec-

tion between Whited and Hargis for treasurer if and when it became proper and necessary to do so.

For the reasons stated in the case of *Hall, etc., et al.* v. *Stuart, et al., supra* (see also McCrary on Elections, 4 ed., § 385, p. 290; 55 C. J. S., Mandamus, § 142 k. at p. 245; 2 Spelling, Injunctions and Other Extraordinary Remedies, § 1559, p. 1354; *Quillen, et al.* v. *Craft, et al.,* 148 Va. XXV), we hold that the prayer of the petition of the appellant for a mandamus should have been granted with respect to the office of treasurer of Russell county. It is accordingly ordered that the order appealed from be amended in that respect and that this case be remanded to the circuit court with direction to issue a writ of mandamus requiring the commissioners of election of Russell county forthwith to convene and from the returns of said election as they existed at the first meeting of the commissioners on November 10, 1955, to ascertain and report, in the manner and form prescribed by law, the person who received the greatest number of votes for the office of treasurer of Russell county at the election held on November 8, 1955, and reduce the result to writing to be signed by a majority of the commissioners, attested by the clerk and annexed to the abstract of votes cast at said election, as provided for in § 24-278 of the Code.

*Amended and remanded.*